Case 4:25-cv-04389   Document 27   Filed on 10/01/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOIZALI NOORALI MOMIN, § § | |
| Petitioner, § § | |
| v. § | CIVIL ACTION NO. 4:25-cv-4389 |
| § | |
| RANDY TATE, ET AL., § § | |
| Respondents. § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Petitioner Moizali Noorali Momin's ("Petitioner") Emergency Motion for Temporary Restraining Order. (ECF No. 11). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Petitioner's Emergency Motion for Temporary Restraining Order (*id.*) be **DENIED.**

I.   **Background**

Petitioner is a citizen of India who has lived in the United States for twenty-six years. (ECF No. 1 ¶ 7). Petitioner has been on an Order of Supervision since December 29, 2015. (*Id.* ¶ 51).

On August 5, 2025, Petitioner appeared according to his supervised release reporting schedule where he was arrested and detained. (*Id.* ¶ 55). On

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 12).

September 16, 2025, Petitioner filed a federal habeas action in this Court. (*See id.* ¶ 1). At the time of filing, Petitioner was detained at the Montgomery Processing Center in Conroe, Texas. (*See* ECF No. 11 at 2). However, Petitioner was ultimately moved to an U.S. Immigration and Customs Enforcement ("ICE") processing center in Florence, Arizona.[2] (*Id.* at 3).

On September 21, 2025, Petitioner filed the instant Emergency Motion for Temporary Restraining Order because he observed documents indicating he could be removed from the United States on September 22, 2025. (*Id.*). Petitioner requests entry of a temporary restraining order ("TRO") to prohibit his removal from the country and transfer from the Florence, Arizona detention center to a detention center within the jurisdiction of this Court, while this case remains under consideration.[3] (*Id.* at 18).

On September 22, 2025, the Court held a hearing on Petitioner's Emergency Motion. (ECF Nos. 15, 20). Following the hearing, the Court issued a Memorandum and Recommendation, recommending Petitioner's Emergency Motion be temporarily granted so that the Court may order an

---

[2] As of September 24, 2025, Petitioner was in transit from Arizona to be detained at the Montgomery Processing Center in Conroe, Texas pending his removal from the United States. (*See* ECF No. 24-1 at ¶ 18).

[3] Petitioner also requests an order to provide Petitioner advance notice of no fewer than fifteen days of which country Respondents intend to remove him to and, if Respondents intent to remove Petitioner to any county other than India, an order to provide Petitioner an explanation of why he will not be removed to India. (ECF No. 11 at 18–19). The Court notes this request is now moot because Petitioner is scheduled for removal to India. (*See* ECF No. 24-1 at ¶ 17).

2

expedited briefing schedule. (*See* ECF No. 16). The District Court adopted the Court's Memorandum and Recommendation, thereby enjoining and restraining Respondents, including all those acting for on or on their behalf, from removing Petitioner from the continental United States until further order from this Court. (ECF Nos. 16, 19).

In accordance with the expedited briefing schedule, the Respondents filed their Response on September 26, 2025 (ECF No. 24) and Petitioner filed a Reply on September 29, 2025 (ECF No. 25). On September 30, 2025, the Court held a second hearing on Petitioner's Emergency Motion.

## II.  Discussion

Before the Court may consider the substance of Petitioner's Emergency Motion, the Court must first determine if it has jurisdiction over this matter. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (per curiam). Therefore, Plaintiffs must prove that jurisdiction does exist before the Court can even address the merits of their claims. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

3

Here, Petitioner's Complaint claims the Court has subject matter jurisdiction pursuant to the United States Constitution and an array of statutes, including 28 U.S.C. § 1331 (for suits raising federal questions); 8 U.S.C. §§ 1101 *et seq.* (the Immigration and Nationality Act ("INA")); and 5 U.S.C. §§ 500 *et seq.* (the "APA"). (ECF No. 1 ¶ 12). Respondents contend this Court lacks subject-matter jurisdiction pursuant to 8 U.S.C. § 1252(g), because Petitioner's claim arises from the execution of a valid removal order. (*See* ECF No. 24 at 1–2). In his Reply, Petitioner agrees that this Court has no jurisdiction over challenges to removal orders, explaining that nothing in his request for a TRO challenges Respondents' decision to remove him, and clarifies that Petitioner only seeks to "preserve the status quo so this Court can hear [Petitioner's] challenges to the regulatory violations" Respondents allegedly committed by not allowing Petitioner an "orderly departure." (*See* ECF No. 25 at 6–8).

The Illegal Immigration Reform and Immigration Responsibility Act of 1996 provides, in pertinent part:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

4

8 U.S.C. § 1252(g) (as codified). The Supreme Court has explained that § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original). Thus, by its explicit terms, § 1252(g) strips this Court of subject-matter jurisdiction – whether invoked by habeas petition, under the All Writs Act, or under any other statutory or nonstatutory provision of law – to review claims "arising from" a decision or action to execute a removal order against a noncitizen. *Id.*; 8 U.S.C. § 1252(g).

The Court is mindful of Petitioner's argument there is a distinction between challenging a final order of removal versus challenging the legality of detention. (*See* ECF No. 25 at 13). However, the key injunctive relief requested in Petitioner's Emergency Motion—specifically, a temporary stay of Petitioner's removal from the United States during the pendency of this suit (ECF No. 25 at 28)—falls outside this Court's jurisdiction. *See Westley v. Harper*, No. 25-cv-229, 2025 WL 592788, at *2, *4 (E.D. La. Feb. 24, 2025) (finding the court lacked jurisdiction to stay the execution of a removal order, thereby dissolving a TRO, where the petitioner alleged her "sudden detention violated her Fifth Amendment right to procedural due process because ICE did not comply with federal regulations"). Further, Petitioner's claim—that he had a right to an "orderly departure" (ECF No. 11 at 7)—is "inextricably

5

intertwined with and 'arise[s] from' the decision to execute a removal order." *Westley*, 2025 WL 592788, at *5 (finding that revoking an order of supervision and detaining the petitioner as necessary steps in securing the petitioner, to effectuate the final order of removal, is inextricably intertwined with and arises from the decision to execute the removal order); *see Alam v. Nielsen*, 312 F. Supp. 3d 574, 582 (S.D. Tex. 2018) ("ICE officials can revoke a person's release when, in their discretion, '[i]t is appropriate to enforce a removal order.'" (citing 8 C.F.R. § 241.4(l)(2)(iii)).

As such, by virtue of § 1252(g), this Court lacks jurisdiction over Petitioner's claim. *See id.*; *Chen v. Escareno*, No. 09-cv-0270, 2009 WL 3073928, at *6 (S.D. Tex. Sept. 18, 2009) (dismissing a case where "the heart of the plaintiffs' complaint concerns actions by immigration officials to effect Chen's arrest, detention, and removal, which were undertaken pursuant to the *in absentia* removal order . . . . Thus, all of the plaintiffs' claims are connected directly and immediately with a decision or action by the Attorney General to execute [an] . . . order of removal."); *see also Foster v. Townsley*, 243 F.3d 210, 214–15 (5th Cir. 2001) ("The particular acts that form the basis of Foster's lawsuit arise from the officials' decision to execute his removal order. His claims of excessive force, denial of due process, denial of equal protection and retaliation are all directly connected to the execution of the deportation order.

Therefore, their acts fall within the ambit of section 1252(g) and are precluded from judicial review.").

Because the heart of Petitioner's request concerns actions by immigration officials to effect Petitioner's detention and immediate removal, which were undertaken pursuant to the *in absentia* removal order entered by the immigration judge on January 14, 2000 (*see* ECF No. 24-1 at ¶ 14), Petitioner's request falls within the ambit of § 1252(g) and judicial review is unavailable. *See Foster*, 243 F.3d at 215; *Westley*, 2025 WL 592788, at *5; *Chen*, 2009 WL 3073928, at *6.

Accordingly, the Court recommends Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 11) be denied. *See Singh v. Wolf*, 20-cv-0539, 2020 WL 3424850, at *2 (W.D. La. May 13, 2020) ("A party seeking injunctive relief cannot establish a 'substantial likelihood of success on the merits' if the court concludes that it lacks jurisdiction.").

### III. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 11) be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b)

and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on October 1, 2025.

_____
Richard W. Bennett
United States Magistrate Judge